UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Stephen Mark Hause, | ) C/A: 3:13-2743-RMG-BM |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Dayne Phillips, *Assistant Public Defender, in his Individual and Official Capacities on behalf of the Lexington County Public Defenders Office*, | ) |
| Defendants. | ) |

This civil action, filed pro se and in forma pauperis by a pretrial detainee, is before the Court for initial screening pursuant to 28 U.S.C. §§ 1915 and 1915A. Plaintiff alleges that he is incarcerated in the Lexington County Detention Center ("LCDC") in Lexington, South Carolina, where he is awaiting trial in the Lexington County General Sessions Court of South Carolina on charges which were brought against him on August 1, 2013. Plaintiff alleges that the Defendant is a public defender who has been appointed by the state court to represent him, and that the Defendant is violating his right to effective representation and access to the courts. See Complaint, ECF No. 1, p. 2-3.

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490



U.S. 319, 324-325 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Further, as Petitioner is a pro se litigant, his pleadings are accorded liberal construction. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5 (1980); Estelle v. Gamble, 429 U.S. 97, (1976).

However, even when considered under this less stringent standard, the undersigned finds for the reasons set forth hereinbelow that the pro se Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

Plaintiff alleges that the defendant, his appointed criminal defense attorney, has failed to follow Plaintiff's specific orders to file a motion for a "fast and speedy trial," thereby violating Plaintiff's rights to effective assistance of counsel and access to the courts. See Complaint, ECF No. 1, p. 2. Plaintiff alleges that Defendant visited him at the LCDC on August 23, 2013, where Plaintiff has been confined since August 1, 2013. Plaintiff alleges that he specifically instructed the Defendant to immediately file a demand for a fast and speedy trial in Plaintiff's pending criminal case. Complaint, ECF No. 1, p. 3-4. Plaintiff alleges, however, that the Defendant refused, and continues to refuse, to file such a motion, and has lied to Plaintiff about coming to LCDC to talk with Plaintiff about his case and his requested motion. Plaintiff also alleges that Defendant "continues to refuse to provide me with any semblance of any legally required effective assistance of counsel." Id., p. 4.

2



Plaintiff alleges that he informed the Defendant, by letter dated September 15, 2013, that he would file this civil action if the Defendant continued to refuse to provide Plaintiff with legally effective assistance of counsel. Id. Plaintiff seeks "preliminary injunctive relief protecting him from Lexington Co. Public Defender's Office and Dayne Phillips," compensatory damages in excess of $75,000, punitive damages in excess of $150,000, any and all other relief which is just and equitable, a jury trial, and a declaratory judgment that Defendant violated Plaintiff's rights. Id., p. 5.

**DISCUSSION**

Plaintiff has brought this action pursuant to 42 U.S.C. § 1983. The purpose of § 1983 is to deter *state actors* from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. See McKnight v. Rees, 88 F.3d 417(6th Cir. 1996). Therefore, in order to state a cause of action under § 1983, a plaintiff must show both that: (1) individual defendant(s) deprived him of a federal right, *and* (2) that they did so under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980); Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980); see, e.g., Blum v. Yaretsky, 457 U.S. 991, 1002 (1982). Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under § 1983 or the Fourteenth Amendment, the two most common provisions under which persons come into federal court to claim that others have violated their constitutional rights. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1983); Burton v. Wilmington Parking Auth., 365 U.S. 715, 721 (1961).[1]

---

[1] Burton involved the Equal Protection Clause of the Fourteenth Amendment, not 42 U.S.C. § 1983. However, federal courts have uniformly held that conduct which constitutes state action under the Fourteenth Amendment also constitutes action under color of state law, insofar



To qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor." Lugar, 457 U.S. at 937; see U. S. v. Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen Helpers of Am., AFL-CIO, 941 F.2d 1292 (2d Cir.1991); Dennis v. Sparks, 449 U.S. 24, 27-28, 101 S. Ct. 183, 66 L. Ed. 2d 185 (1980). Here, Plaintiff cannot maintain a § 1983 civil rights claim against the named Defendant because, in acting as Plaintiff's appointed criminal defense attorney, Assistant Public Defender Phillips has not acted under color of state law. Polk County v. Dodson, 454 U.S. 312, 318 (1981)["A lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."]. It is well settled that an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing traditional functions as counsel. See Polk, 454 U.S. at 317-324 nn.8-16 (1981) (public defender); Hall v. Quillen, 631 F.2d at 1155-1156 & nn.2-3 (4th Cir. 1980) (court-appointed attorney); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (private attorney).

"Although lawyers are generally licensed by the States, 'they are not officials of government by virtue of being lawyers.'" Polk, 454 U.S. at 319 n.9 (quoting In re Griffiths, 413 U.S. 717, 729 (1973)). Therefore, Plaintiff's Complaint fails to state a claim against the Defendant on which relief may be granted.

---

as suits under 42 U.S.C. § 1983 are concerned. West v. Atkins, 487 U.S. 42, 48-49 (1988) (collecting cases).



**RECOMMENDATION**

Based on the foregoing, it is recommended that Plaintiff's Complaint be dismissed, without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

October 23, 2013
Charleston, South Carolina



### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk of Court
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

