IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| STEPHEN MARK HAUSE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DAYNE PHILLIPS, Assistant Public ) <br> Defender, ) <br> ) <br> Defendants. ) <br> _____ ) | No. 3:13-cv-2743-RMG <br><br> **ORDER** |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 8), recommending that this action be summarily dismissed without prejudice and without issuance of service. For the reasons stated below, the Court **ADOPTS** the R & R in full. Accordingly, this action is **DISMISSED** without prejudice and without issuance of service.

## Background

Plaintiff is a pretrial detainee at Lexington County Detention Center (LCDC). He filed this action pursuant to 42 U.S.C. § 1983 alleging that the Defendant, the Assistant Public Defender appointed to represent him in state court, is violating his right to effective representation and access to the courts. (Dkt. No. 1.) Specifically, Plaintiff alleges that he instructed the Defendant to file a motion for a fast and speedy trial, that Defendant refused to do so, and that this refusal violates Plaintiff's constitutional rights. (*Id.* at 4.) The Magistrate Judge recommended that the Complaint be dismissed without prejudice and without issuance of service under 28 U.S.C. §§ 1915, 1915A because the Defendant has not acted under the color of state

1

law. (Dkt. No. 8.) Plaintiff timely filed objections, stating that (1) he sued the Lexington County Public Defender's Agency or Lexington County, as well as Mr. Phillips, and (2) that Mr. Phillips acted under the color of state law because he is "an employee of the county." (Dkt. No. 15.)

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

*Pro se* complaints are construed liberally to allow the development of meritorious claims. However, the requirement of a liberal construction does not mean that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim. *See Well v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) ("The special judicial solicitude with which a district court should view pro se complaints does not transform the court into an advocate."). Furthermore, the Court must dismiss an *in forma pauperis* action *sua sponte* if the claim is "frivolous or malicious," "fails to state a claim on which relief may be granted," or ""seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989).

## Discussion

The Court has reviewed the issue de novo and concludes that the Magistrate Judge correctly found Defendant Phillips did not act under the color of state law. It is well-settled that an attorney does not act under color of state law when performing traditional functions as counsel, even if he is a county employee. *See, e.g., Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[W]e decide only that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings."); *Conner v. Donnelly*, 42 F.3d 220, 223 (4th Cir. 1994) (noting that while state employment is generally sufficient to render the defendant a state actor, that is not true in the case of a public defender). Therefore, Plaintiff has failed to state a cause of action under § 1983. Plaintiff appears to believe that if he had named the Public Defender's Office or the county as a defendant in this action, that it would change the outcome. (*See* Dkt. No. 15.) It would not. *See, e.g., Powell v. Harris*, 99 F.3d 1130 (table), 1996 WL 582911 at *1 (4th Cir. 1996) (rejecting § 1983 claim against Maryland Public Defender's Office).

Therefore, the Court **ADOPTS** in full the Magistrate Judge's Report and Recommendation (Dkt. No. 8) as the order of this Court. Accordingly, this action is **DISMISSED** without prejudice and without issuance of service.

**IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

December 17, 2013
Charleston, South Carolina

3